**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Demetrius Jerome HAYES,**
**Defendant–Appellant.**

**No. 91–30432.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1993.

Decided June 9, 1993.

As Amended on Denial of Rehearing; Suggestion for Rehearing En Banc Rejected Oct. 8, 1993.

Carol Koller, Asst. Federal Public Defender, Seattle, WA, for defendant-appellant.

Douglas B. Whalley, Gene Porter, Asst. U.S. Attys., Seattle, WA, for plaintiff-appellee.

Before WRIGHT, ALARCON, and BEEZER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether possessing an unregistered sawed-off shotgun is a crime of violence for purposes of the Career Offender provisions of the Sentencing Guidelines. We hold that it is and affirm Hayes' sentence.

## I

A jury convicted Hayes of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d). Because the district court found that these were crimes of violence and that Hayes had two previous felony convictions for violent crimes, it sentenced him as a career offender. Hayes appeals his conviction and sentence. We affirmed his conviction in a separate memorandum disposition. Here, we address only his sentencing objection. Because we hold that possession of an unregistered sawed-off shotgun is a crime of violence, we need not decide whether being a felon in possession of a sawed-off shotgun is a crime of violence.

We review de novo the district court's interpretation of the Guidelines. *United States v. Young*, 990 F.2d 469, 471 (9th Cir. 1993).

A defendant qualifies as a career offender if he is convicted of a felony that is a crime of violence and has two previous felony convictions for crimes of violence. U.S.S.G. § 4B1.1; *Young*, 990 F.2d at 470. Section 4B1.2(1) defines a crime of violence as a felony offense under federal or state law that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or ... involves conduct that presents a serious potential risk of physical injury to another." Because the statutory definition of Hayes' unregistered shotgun conviction does not involve the use, attempted use or threatened use of physical force against another, we focus solely on whether the charged conduct presented a serious potential risk of physical injury to another. *See Young*, 990 F.2d at 471.

We conclude that in Hayes' case it does. As we said in *United States v. Dunn*, 946 F.2d 615, 621 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991), and *United States v. Huffhines*, 967 F.2d 314, 321 (9th Cir.1992); sawed-off shotguns are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force. These attributes led Congress to require registration of these weapons. *Huffhines*, 967 F.2d at 321.

## II

We hold that the conduct charged in the unregistered shotgun count of Hayes' indictment "presents a serious potential risk of physical injury to another." The district court found correctly that Hayes was convicted of a crime of violence for career offender purposes.

**AFFIRMED.**