**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

   v.

DANIEL LUIS DELANEY,
        *Defendant-Appellant.*

No. 04-50128

D.C. No.
CR-03-00080-MMM

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 17, 2005*
Pasadena, California

Filed November 7, 2005

Before: Procter Hug, Jr., Harry Pregerson, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Pregerson

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

15201

**COUNSEL**

Benjamin N. Gluck, Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, Los Angeles, California, for the defendant-appellant.

Matthew D. Umhofer, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

PREGERSON, Circuit Judge:

On March 31, 2003, Defendant Daniel Luis Delaney robbed a branch of the Wells Fargo Bank in Anaheim Hills, California. On June 19, 2003, Delaney was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). The Probation Office's Presentence Report recommended that Delaney be sentenced as a "career offender" under U.S.S.G. § 4B1.1(a)[1] because (1) he was at least eighteen years old at the time he committed the robbery; (2) the robbery conviction constituted a crime of violence; and (3) he had two prior convictions for

---

[1]United States Sentencing Guidelines classify a defendant as a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

crimes of violence. The district court adopted the Presentence Report's conclusion that Delaney was a career offender because he had two prior felony convictions for crimes of violence, one for bank robbery in violation of 18 U.S.C. § 2113(a) and one for possession of a short-barreled shotgun in violation of California Penal Code section 12020(a). Delaney, however, contends that his conviction for possession of a short-barreled shotgun is not a "crime of violence" for purposes of § 4B1.1.

We review de novo the district court's interpretation of the United States Sentencing Guidelines and its designation of career offender status under U.S.S.G. § 4B1.1. *See United States v. Kelly*, 422 F.3d 889, 891-92 (9th Cir. 2005). For the following reasons, we affirm the district court's determination that Delaney is a career offender.

**[1]** We use the "categorical approach" to determine whether Delaney's predicate conviction for possession of a short-barreled shotgun is a crime of violence. *See United States v. Fish*, 368 F.3d 1200, 1202 (9th Cir. 2004). Under this approach, we need not look to the specific conduct that formed the basis of the defendant's convictions, but only to the statutory definition of the crime. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). The California statute under which Delaney was convicted criminalizes "possess[ion of] . . . any short-barreled shotgun . . . ." Cal. Pen. Code § 12020(a)(1).

**[2]** To constitute a crime of violence under the Guidelines, Delaney's offense must be one that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(2). We have recognized that possession of an unregistered sawed-off shotgun is a crime of violence for purposes of the career offender provisions of the Guidelines. *See United States v. Hayes*, 7 F.3d 144 (9th Cir. 1993). In *Hayes*, we reasoned that "sawed-off shotguns are inherently dangerous, lack usefulness except for violent and crimi-

nal purposes and their possession involves the substantial risk of improper physical force." *Id.* at 145. This brings Delaney's offense within the purview of § 4B1.1.

Delaney seeks to distinguish *Hayes* because the offense at issue there involved an *unregistered* sawed-off shotgun. This argument fails. Our decision in *Hayes* did not turn on whether the gun was registered but rather on the dangerous nature of the weapon.[3] A sawed-off shotgun, registered or not, "presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(2); see also United States v. Huffhines, 967 F.2d 314, 320-21 (9th Cir. 1992) (holding that the unlawful possession of a silencer presents such a risk and thus is a crime of violence).

Delaney also asserts that the district court erred in deeming him a "career offender" because the enhancement is based, in part, on two prior convictions that were not proved beyond a reasonable doubt to a jury. We reject this argument because the Supreme Court has made clear that the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt or admitted by the defendant to satisfy the Sixth Amendment even when such a finding results in an increase in the penalty beyond what would otherwise be the maximum prescribed sentence. *See United States v. Booker*, 125 S. Ct. 738, 748-49 (2005).

Finally, Delaney contends that the district court erred by applying two additional sentence enhancements (robbery of a financial institution pursuant to U.S.S.G. § 2B3.1(b)(1), and commission of an offense while on escape status pursuant to

---

[3]The Guidelines specifically provide that the term " '[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon." USSG § 4B1.2 cmt. n.1. Our precedent is clear, however, that this provision does not exempt possession of weapons that are "inherently dangerous and lacking in lawful purposes" and therefore constitute a crime of violence. *See Hayes*, 7 F.3d at 145; *Huffhines*, 967 F.2d 314, at 320.

U.S.S.G. § 4A1.1(e)) based on extra-verdict findings not proved to a jury beyond a reasonable doubt. This argument also fails. The district court did not apply either sentence enhancement. Rather, the district court applied the higher total offense level warranted by Delaney's career offender status, *see* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply") which was higher than the combined sentence enhancements.

**[3]** Because Delaney was sentenced under the then-mandatory Sentencing Guidelines, and it is not clear from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand this case to the sentencing court to answer that question. *See United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005).

REMANDED.