### UNITED STATES of America, Plaintiff—Appellee,

v.

### Amado Salvador CANDALOSA– ESTRADA, Defendant— Appellant.

#### No. 05–50487.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

Richard C. Cheng, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alice L. Fontier, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Amado Salvador Candalosa–Estrada appeals the judgment entered following his jury conviction and sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Candalosa–Estrada contends that the district court erred by imposing pursuant to 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(1) a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior felony conviction that was not proved to a jury or admitted by Candalosa–Estrada. This contention is foreclosed. *United States v. Delaney*, 427 F.3d 1224, 1226 (9th Cir. 2005) ("The Supreme Court has made clear that the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt or admitted by the defendant to satisfy the Sixth Amendment."); *United States v. Velasquez–Reyes*, 427 F.3d 1227, 1228 (9th Cir.2005) (rejecting contention that prior convictions must be proved to a jury if not admitted by the defendant and reaffirming that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has not been overruled).

Our precedent likewise forecloses Candalosa–Estrada's contention that, in order to support the prior-conviction enhancement, either an admission or jury finding is required as to the fact that the deportation occurred after he suffered the prior conviction. *See United States v. Castillo–Rivera*, 244 F.3d 1020, 1025 (9th Cir.2001)

---

(rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of Supreme Court's recidivism exception). Candalosa–Estrada's facial challenge to the constitutionality of § 1326(b) is foreclosed by *Almendarez–Torres, supra.,* at 235, 118 S.Ct. 1219.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.