**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Silvestre SANTACRUZ–SANCHEZ,**
**Defendant—Appellant.**

No. 05–50342.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Joanna P. Baltes, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marisa Lynne Dersey, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Silvestre Santacruz–Sanchez appeals the sentence imposed following his guilty plea conviction for deported alien found in the United States, in violation of 8 U.S.C. § 1326.

Santacruz–Sanchez contends that the district court violated his constitutional rights in enhancing his sentence under 8 U.S.C. § 1326(b) and § 2L1.2(b)(1)(A) of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the advisory Sentencing Guidelines based on a prior criminal conviction and subsequent deportation neither of which were proved beyond a reasonable doubt to a jury nor admitted as part of the guilty plea. He contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law, and that 1326(b) is unconstitutional. *See United States v. Delaney,* 427 F.3d 1224 1226 (9th Cir.2005) (holding that the fact of a prior conviction for sentencing purposes need not be proved to a jury or admitted by defendant to satisfy the Sixth Amendment); *United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

We also reject Santacruz–Sanchez's contention that the enhancement was inappropriate because the government did not allege, nor did Santacruz–Sanchez admit, the date of his deportation. *See United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of Supreme Court's recidivism exception).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*