**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Juan CALVILLO–ALVAREZ,**
Defendant—Appellant.

No. 05–50328.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Alessandra P. Serano, Office of the U.S. Atty., San Diego, CA, for Plaintiff-Appellee.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Andrew K. Nietor, Esq., Law Offices of Andrew K. Nietor, San Diego, CA, for Defendant-Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Juan Calvillo–Alvarez appeals the sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Calvillo–Alvarez contends that the district court violated his constitutional rights in enhancing his sentence under 8 U.S.C. § 1326(b) and § 2L1.2(b)(1)(A) of the advisory Sentencing Guidelines based on a prior criminal conviction that was neither proved beyond a reasonable doubt to a jury nor admitted as part of the guilty plea. This contention is foreclosed by this Court's case law. *See United States v. Delaney,* 427 F.3d 1224 1226 (9th Cir.2005) (holding that the fact of a prior conviction for sentencing purposes need not be proved to a jury or admitted by defendant to satisfy the Sixth Amendment); *United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question,

unless it is explicitly overruled by the Supreme Court).

We further reject the contention that a remand under *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc) is required in this case because of the possibility that the sentence imposed would have been materially different had the district court known that the Guidelines were advisory pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Calvillo–Alvarez was sentenced after the Supreme Court's decision in *Booker,* and at sentencing the district court specifically noted that it had considered all of the 18 U.S.C. § 3553(a) sentencing factors and concluded that the sentence was just and proper. The transcripts of the sentencing hearing therefore do not support the contention that the district court sentenced Calvillo–Alvarez under a mandatory sentencing scheme

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

