**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Luis AMPARO–HERNANDEZ,**
**Defendant—Appellant.**

**No. 05–50327.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shanna L. Dougherty, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Brian P. Funk, Esq., San Diego, CA, for Defendant-Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Luis Amparo–Hernandez appeals the sentence imposed following his guilty plea conviction for deported alien found in the United States, in violation of 8 U.S.C. § 1326.

Amparo–Hernandez contends that the district court violated his constitutional rights in enhancing his sentence under 8 U.S.C. § 1326(b) and § 2L1.2(b)(1)(A)(i) of the advisory Sentencing Guidelines based on a prior criminal conviction that was neither proved beyond a reasonable doubt to a jury nor admitted as part of the guilty plea and that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law.

** This disposition is not appropriate for publication and may not be cited to or by the

This contention is foreclosed by this Court's case law. *See United States v. Delaney,* 427 F.3d 1224 1226 (9th Cir.2005) (holding that the fact of a prior conviction for sentencing purposes need not be proved to a jury or admitted by defendant to satisfy the Sixth Amendment); *United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

**AFFIRMED.**