**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jesus Arturo HERNANDEZ–HAROS,**
**Defendant—Appellant.**

No. 04–10324.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Bork, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM ** and ORDER

■ Jesus Arturo Hernandez–Haros appeals from the sentence imposed following his guilty plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. Hernandez–Haros contends that the district court erred by enhancing his sentence under 8 U.S.C.

§ 1326(b) based on a prior criminal conviction that was neither proved beyond a reasonable doubt to a jury nor admitted as part of the guilty plea. As Hernandez–Haros concedes, this contention is foreclosed by our case law. *See United States v. Delaney,* 427 F.3d 1224 1226 (9th Cir.2005) (holding that the fact of a prior conviction for sentencing purposes need not be proved to a jury or admitted by defendant to satisfy the Sixth Amendment); *United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

■ Hernandez–Haros was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory. "We have held that 'where the district court did not treat the sentencing guidelines as advisory but the defendant's sentence was not enhanced by extra-verdict findings,' a non-constitutional sentencing error has occurred." *United States v. Brown,* 417 F.3d 1077, 1080 (9th Cir.2005), *citing United States v. Ameline,* 409 F.3d 1073, 1084 n. 8 (9th Cir.2005) (en banc). Hernandez–Haros shall notify the court within 14 days of the filing date of this memorandum/disposition if he wants to pursue an *Ameline*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

remand. *See id.* If he does not respond to this inquiry, the district court's sentence shall be affirmed.

**BRIEFING ORDERED.**

**BRIEFING ORDERED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.