[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14806
Non-Argument Calendar

_____

D. C. Docket No. 04-00291-CR-J-32-MMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK ROOSEVELT STOUTAMIRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 9, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Patrick Roosevelt Stoutamire appeals his 84-month sentence for distribution

of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Stoutamire argues that the use of the career offender enhancement, U.S.S.G. § 4B1.1, was unconstitutional because it required the district court to make findings beyond the mere existence of his two felony convictions, namely, that the cases were not related and that they were qualifying crimes under the enhancement. Finding no reversible error, we AFFIRM.

## I. BACKGROUND

A grand jury indicted Stoutamire on four counts of drug trafficking, including, in relevant part, for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The indictment made no mention of prior convictions. The notification of maximum penalty stated that the maximum penalty for a violation of that statute was twenty years of imprisonment. R1-85.

At his initial plea hearing before a magistrate, the court asked Stoutamire if he understood that he faced up to twenty years of imprisonment, to which Stoutamire responded affirmatively. He then pled guilty, stating that he had sold crack cocaine. After Stoutamire stated he wanted to talk his plea over with his family, the court rescheduled taking his plea for another day. Once the plea hearing was reconvened, the magistrate judge, in determining the voluntariness of

2

his plea, reminded Stoutamire, "that crime carries with it, those being a maximum sentence of up to 20 years." R3 at 7. The magistrate judge also asked him whether anyone had "promised . . . that you're going to get a light sentence," to which he responded "No." Id. at 9. Later, the magistrate judge issued a report and recommendation, which recommended to the district judge that he accept the guilty plea. The magistrate judge further notified Stoutamire that the probation office would prepare a Presentence Investigation Report ("PSI").

Pursuant to U.S.S.G. § 4B1.1, the PSI concluded that Stoutamire was a career offender because he had two prior felony convictions for either a crime of violence or a controlled substance offense. The two qualifying convictions were (1) aggravated battery (sentenced imposed 30 September 1991); and (2) the sale of cocaine within 1,000 feet of a school (sentence imposed 24 March 1994). This enhancement increased his base offense level from 12 to 32, and increased his criminal history category from V to VI. Stoutamire was granted a 3 point reduction for acceptance of responsibility, leaving him with a total offense level of 29. Based on his total offense level and a criminal history category, Stoutamire's imprisonment range was 151 to 188 months. Stoutamire objected to the lack of an adjustment for a minor-role and to the application of the career offender enhancement, stating that the enhancement was not contemplated in the notice of

maximum penalties.

At sentencing, Stoutamire asked for and received a minor-role adjustment. He stated that, at his plea hearing, he had no notice that his sentence would increase so dramatically, and he reiterated his objection to the career offender enhancement, which raised his Sentencing Guidelines range from 21 to 27 months of imprisonment to 151 to 188 months. The court stated that it did not see a problem with the career offender enhancement, but thought that Stoutamire actually may have been arguing that his plea was not voluntary. While he did not contest that the Guidelines range was incorrectly calculated, Stoutamire stated that his objection to the enhancement was on constitutional grounds because the court had to make the separate findings that the prior convictions qualified as a felony drug offense or a crime of violence and that the convictions were not related. Invoking United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Stoutamire argued that "factual findings like that . . . either have to be admitted in a plea or found by a jury." R4 at 13.

The district court determined that Stoutamire did qualify for the career offender enhancement, finding that one of his prior convictions was a crime of violence and that the other was a qualifying, unrelated, drug offense. The district

4

court rejected Stoutamire's constitutional arguments. Taking into account the 18 U.S.C. § 3553(a) factors, the court, after granting a downward departure for substantial assistance, sentenced him to 84 months of imprisonment.

## II. DISCUSSION

On appeal, Stoutamire argues that his sentence was increased based on facts not admitted by him, nor found by a jury in violation of the Sixth Amendment, citing the recent Supreme Court decision Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). Because Stoutamire objected to the sentencing enhancement on constitutional grounds, he has preserved his constitutional challenge. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). We review such issues de novo, but will reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

The sentence in this case was imposed after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and thus, was applied under an advisory guidelines system. As such, the district court did not commit constitutional error because there is no Sixth Amendment constitutional violation in applying the guidelines in a non-mandatory fashion. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005). Stoutamire has not preserved a statutory

5

argument that <u>Shepard</u> and <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143 (1990) should be applied to a district court's categorization of a particular prior conviction for purposes of § 4B1.1 (i.e., whether the conviction was a drug offense, a crime of violence, and not related to the other conviction), or how the district court should arrive at that categorization when sentencing under an advisory guidelines system.[1]  Thus, he has waived that argument.  <u>See</u> <u>United States v. Duncan</u>, 400 F.3d 1297, 1299 n. 1 (11th Cir. 2005) (declining to address the <u>Booker</u> implications of firearm and role enhancements because appellant did not challenge those enhancements in his initial brief); <u>see also</u> <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1322 (11th Cir. 2001) (holding that issues not clearly raised in initial briefs are considered abandoned).

**AFFIRMED.**

---

[1] <u>Compare</u> <u>United States v. Spell</u>, 44 F.3d 936, 939 (11th Cir. 1995) (applying similar analysis set forth in <u>Taylor</u> to the sentencing guidelines to determine whether prior conviction qualified under § 4B1.1 of the sentencing guidelines); <u>United States v. Krawczak</u>, 331 F.3d 1302, 1303 (11th Cir. 2003) (same, but for § 2L1.2(b) of the sentencing guidelines); <u>United States v. Kendrick</u>, 423 F.3d 803, 808-09 (8th Cir. 2005) (applying <u>Shepard</u> and <u>Taylor</u> analysis to the sentencing guidelines); <u>United States v. Delaney</u>, 427 F.3d 1224, 1226 (9th Cir. 2005) (same); <u>United States v. Gutierrez-Ramirez</u>, 405 F.3d 352, 358-59 (5th Cir. 2005) (same); <u>United States v. Galloway</u>, 439 F.3d 320, 323-24 (6th Cir. 2006) (same).