[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14194
Non-Argument Calendar
_____

D. C. Docket No. 04-00417-CR-1-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR TYRONE DIX,
a.k.a. Victor Dix,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 20, 2006)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Victor Tyrone Dix appeals his conviction and 190-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Dix argues that (1) 18 U.S.C. § 922(g) is unconstitutional on its face and as applied to his case, (2) the evidence was insufficient to show he possessed a firearm that had traveled in interstate commerce, and (3) the district court erred by sentencing him to 190 months, 10 months above the mandatory minimum set by 18 U.S.C. § 924(e) (the "Armed Career Criminal Act" or "ACCA"), based upon prior convictions not proven to a jury.

## DISCUSSION

A.  18 U.S.C. § 922(g)

Prior to trial, Dix filed a motion to dismiss the indictment because 18 U.S.C. § 922(g)[1] unconstitutionally exceeded Congress's authority under the Commerce Clause, both facially and as applied to him, citing United States v. Lopez, 514 U.S. 549 (1995) and United States v. Morrisson, 529 U.S. 598 (2000).  The magistrate judge recommended denying Dix's motion and the district court adopted the report

---

[1] 18 U.S.C. § 922(g) reads, in pertinent part, as follows:
(g) It shall be unlawful for any person--
    (1) who has been convicted in any court of, a crime punishable by imprisonment
    for a term exceeding one year . . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g).

and recommendation. The magistrate judge noted that as opposed to the two statutes struck down as unconstitutional in <u>Lopez</u> and <u>Morrison</u>, which both lacked a jurisdictional element that would ensure a nexus with interstate commerce, 18 U.S.C. § 922(g) contains an explicit jurisdictional element.

We agree with the magistrate judge. This court has repeatedly upheld the facial constitutionality of § 922(g) precisely because it contains a jurisdictional element. <u>See</u> <u>United States v. Dupree</u>, 258 F.3d 1258 (11th Cir. 2001) (holding that § 922(g) is constitutional because "[i]t is the jurisdictional element to § 922(g) that distinguishes it from [the statute at issue in <u>Lopez</u>]" and, accordingly, the holding in <u>Lopez</u> is inapplicable); <u>United States v. McCallister</u>, 77 F.3d 387 (11th Cir. 1996) (holding that § 922(g) is constitutional). Furthermore, as applied to Dix in this case, § 922(g) also passes constitutional muster. Our precedents make clear that the government need only prove that the firearm in question had moved in interstate commerce at some point in order to satisfy the jurisdictional element that the gun be "in or affecting commerce," as required by § 922(g). <u>See</u> <u>United States v. Reynolds</u>, 215 F.3d 1210, 1215 (11th Cir. 2000) ("We have held that as long as the weapon in question had a "minimal nexus" to interstate commerce, § 922(g)(1) is constitutional . . . ." (citation omitted)). Since here the government presented evidence that the firearm had been shipped from California and the ammunition

3

had been purchased from either Connecticut or Arkansas, there is a sufficient nexus to interstate commerce.  See, e.g,McCallister, 77 F.3d at 389 (defendant's possession of a firearm that had traveled in interstate commerce in the past was sufficient to satisfy the interstate commerce element of § 922(g)).

B.  Sufficiency of the Evidence

Dix argues on appeal that the government failed to show sufficient evidence to allow a jury to conclude, beyond a reasonable doubt, that he was in possession of the firearm at issue in this incident.  Dix points to a number of inconsistencies in the testimony of police officers at the scene of the incident, and the fact that no direct evidence of his possession of the gun was introduced at trial, in support of his sufficiency argument.

Sufficiency of the evidence is an issue that we review *de novo* to determine whether "a reasonable jury, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government could find the defendant[] guilty as charged beyond a reasonable doubt."  United States v. Williams, 339 F.3d 1295, 1299 (11th Cir. 1993) (internal quotations omitted).  The evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt," because the jury remains free to select among reasonable constructions of the evidence.  United States v. McDowell, 250

F.3d 1354, 1365 (11th Cir. 2001). We resolve all reasonable inferences and credibility evaluations in favor of the jury's guilty verdict, United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999), although "reasonable inferences, not mere speculation, must support the jury's verdict," United States v. Perez-Tosta, 36 F.3d 1552, 1557 (11th Cir. 1994).

In order to secure a conviction under 18 U.S.C. § 922(g) the government must prove that Dix was (1) a convicted felon, (2) who knowingly possessed a weapon that (3) affected or was in interstate commerce. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). The government need not prove actual possession but may show knowledge through constructive possession, using circumstantial as well as direct evidence of possession. Id. Dix does not contest that he was a convicted felon, and we have addressed his interstate commerce argument above. The only remaining issue, therefore, is his possession of the firearm.

At trial, the government's evidence showed that on the night of August 18, 2003, Atlanta police officer Cerderick Ford and a colleague were investigating a group of juveniles who were suspected of being out past curfew. Several people were detained, including Dix. One of the officers at the scene handcuffed Dix and seated him on the ground beside the patrol car. Ford testified at trial that he did not

5

recall Dix's exact location. Shortly after seating Dix on the ground, Ford testified that he heard a gunshot. All of the detained people jumped and tried to lie on the ground, but Dix appeared calm and did not move. Ford did not see who had fired the gunshot but a gun was found underneath the car Dix was seated next to and Ford testified that nobody else was close to the car. Another law enforcement agent at the scene, Officer Edgar Irish, testified that he saw Dix being brought to the front of one of the police vehicles and placed on his knees. Irish testified that after the gunshot Dix was standing up in front of the police car. Officer Alvin Rodriguez testified that he handcuffed Dix behind his back and searched his waistband and pockets, but not his sneakers. Rodriguez testified that he then took Dix and placed him on his knees in front of his police car. In the position Dix was in, he had access to his sneakers. After Rodriguez walked away from Dix, he heard a gunshot. When Rodriguez turned around, he saw Dix seated at the same spot, acting calm and collected. A gun was recovered under the vehicle "maybe about a foot and a half" from where Dix was sitting.

While Dix is correct in arguing that the government's evidence in this case included certain inconsistencies, such as whether he was kneeling or standing in front of the police car after the gunshot, and that the government did not present direct evidence of Dix's possession of the firearm, we cannot say, when making all

reasonable inferences and credibility determinations in favor of the government, that a reasonable jury could not find Dix guilty as charged beyond a reasonable doubt. The jury was free to determine that the evidence showing Dix was the only person who was close to the gun seconds after it was fired was sufficient to show that he was the person who shot the gun, and thus possessed it at that time. See Wright, 392 F.3d at 1273.

C. Sentencing

Dix argues that pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), the convictions used to support a finding that a defendant is an armed career criminal under 18 U.S.C. § 924(e) must be proven to a jury beyond a reasonable doubt to pass constitutional muster.[2] The government argues that under Almendarez-Torres v. United States, 523 U.S. 224 (1998), prior convictions do not need to be proved beyond a reasonable doubt for purposes of enhancing a sentence.

Because we have since held that the holding of Almendarez-Torres was left "undisturbed" by Booker, Dix's constitutional argument lacks merit. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Furthermore, Dix has not preserved a statutory argument that Shepard v. United States, 544 U.S. 13, 125 S.

---

[2] We review a preserved constitutional challenge to a defendant's sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).

7

Ct. 1254 (2005) and <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143 (1990) should be applied to a district court's categorization of a particular prior conviction for purposes of 18 U.S.C. § 924(e), or how the district court should arrive at that categorization.[3]  Thus, he has waived that argument.  See <u>United States v. Duncan</u>, 400 F.3d 1297, 1299 n. 1 (11th Cir. 2005) (declining to address the <u>Booker</u> implications of firearm and role enhancements because appellant did not challenge those enhancements in his initial brief); <u>see also</u> <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1322 (11th Cir. 2001) (holding that issues not clearly raised in initial briefs are considered abandoned).

**AFFIRMED.**

---

[3] <u>Compare</u> <u>United States v. Spell</u>, 44 F.3d 936, 939 (11th Cir. 1995) (applying similar analysis set forth in <u>Taylor</u> to the sentencing guidelines to determine whether prior conviction qualified under § 4B1.1 of the sentencing guidelines); <u>United States v. Krawczak</u>, 331 F.3d 1302, 1303 (11th Cir. 2003) (same, but for § 2L1.2(b) of the sentencing guidelines); <u>United States v. Kendrick</u>, 423 F.3d 803, 808-09 (8th Cir. 2005) (applying <u>Shepard</u> and <u>Taylor</u> analysis to the sentencing guidelines); <u>United States v. Delaney</u>, 427 F.3d 1224, 1226 (9th Cir. 2005) (same); <u>United States v. Gutierrez-Ramirez</u>, 405 F.3d 352, 358-59 (5th Cir. 2005) (same); <u>United States v. Galloway</u>, 439 F.3d 320, 323-24 (6th Cir. 2006) (same).