**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Francisco Javier GASCA–MORADO
Defendant—Appellant.**

No. 05–10233.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Nicole P. Savel, USTU–Office of the U.S. Attorney, Evo A. Deconcini, U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Gregory J. Kuykendall, Esq., Tucson, AZ, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Francisco Javier Gasca–Morado appeals from the sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Gasca–Morado challenges the reasonableness of his sentence under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We reject Gasca–Morado's contention that the district court violated his Sixth Amendment rights by finding that his prior conviction under Oregon Revised Statute § 475.992 of delivery of a controlled substance categorically qualifies as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A). *See United States v. Von Brown*, 417 F.3d 1077, 1078–79 (9th Cir.2005); *see also United States v. Shumate*, 329 F.3d 1026, 1030 (9th Cir.2003).

■ In addition, Gasca–Morado's contention that his prior convictions should not have been counted toward his criminal history calculation lacks merit. *See United States v. Delaney*, 427 F.3d 1224, 1226 (9th Cir.2005) (holding that the fact of a prior conviction for sentencing purposes need not be proved to a jury or admitted by defendant to satisfy the Sixth Amendment).

■ We also reject Gasca–Morado's contention that the sentence imposed was unreasonable because the district court did not adequately consider the preamble to 18 U.S.C. § 3553(a), which provides that the sentence is to be "sufficient, but not greater than necessary, to satisfy the purposes of sentencing." The record reflects that the district court referred to 18 U.S.C. § 3553(a) during its sentencing consideration. The court then sentenced Gasca–Morado at the bottom of the applicable range under advisory Sentencing Guidelines.

■ Finally, we decline to address Gasca–Morado's ineffective assistance of counsel contention, raised for the first time in his reply brief. *See United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir.1991) ("The customary procedure for raising a claim of ineffective assistance of counsel in this Circuit is by collateral attack under 28 U.S.C. § 2255.").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.