**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50194 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02933-MLH |
| v. |  |
| MARCOS ORTIZ HATFIELD, | MEMORANDUM [*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Marcos Ortiz Hatfield appeals from the district court's order denying his

motion to dismiss the indictment.  Following the district court's denial of his

motion to dismiss the indictment, Hatfield pled guilty to one count of felony

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hatfield contends that his possession of a sawed-off shotgun was protected under the Second Amendment because he had a lawful purpose in possessing the shotgun. He also contends that the Second Amendment protects possession of a sawed-off shotgun because a sawed-off shotgun resembles a blunderbuss, a short-barreled, muzzle-loading firearm used around the time of the Second Amendment's ratification. These contentions fail because modern sawed-off shotguns are not typically possessed for lawful purposes and constitute "dangerous and unusual weapons," *District of Columbia v. Heller*, 128 S. Ct. 2783, 2817 (2008), beyond the scope of the Second Amendment's protection. *See Heller*, 128 S. Ct. at 2815-16 (stating that Second Amendment's protection does not extend to "weapons not typically possessed by law-abiding citizens for lawful purposes"); *see also United States v. Serna*, 435 F.3d 1046, 1048 (9th Cir. 2006) (stating that sawed-off shotguns "have few, if any, legitimate uses"); *United States v. Hayes*, 7 F.3d 144, 145 (9th Cir. 1993) (stating that "sawed-off shotguns are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force").

**AFFIRMED.**