22-1753
Killoran v. Westhampton Beach School District

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-three.

PRESENT:
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Christian Killoran, individually and on behalf of his
Son, A.K., Terrie Killoran,

> *Plaintiffs-Appellants*,

v.                                                                      No. 22-1753

Westhampton Beach School District, Michael
Radday, as Superintendent, Suzanne M. Mensch,
James Hulme, Joyce L. Donneson, George R.
Kast, Jr., Halsey C. Stevens, as Board of
Education members,

> *Defendants-Appellees*.

_____

**FOR PLAINTIFFS-APPELLANTS:** CHRISTIAN KILLORAN, pro se, Killoran Law P.C., Westhampton Beach, NY.

**FOR DEFENDANTS-APPELLEES:** SCOTT J. KREPPEIN, Devitt Spellman Barrett, LLP, Smithtown, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

This is one of three appeals related to a long-running dispute between Plaintiffs-Appellants Christian and Terrie Killoran[1] (together, "Plaintiffs") and the Westhampton Beach School District ("Westhampton") over the education of their son, A.K., a young man who has Down syndrome.[2]

In this action, Plaintiffs appeal from the dismissal of their complaint against Westhampton and various Westhampton officials and members of the Board of Education (collectively, "Defendants"). Plaintiffs brought this action under 42 U.S.C. § 1983, alleging a "class-of-one" equal protection claim against Defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I. Defendants' Jurisdictional and Standing Claims

Briefly, we address and reject Defendants' jurisdictional and standing arguments. First, Defendants' argument that Plaintiffs' notice of appeal was premature because it was filed before the entry of judgment is without merit. As relevant here, a notice of appeal must be filed "within

---

[1] Christian Killoran is an attorney, representing Plaintiffs pro se. Accordingly, Plaintiffs do not receive the "special solicitude" courts generally grant to pro se litigants. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

[2] *See Killoran v. Westhampton Beach Sch. Dist.*, No. 22-204 (2d Cir.)*; Killoran v. Westhampton Beach UFSD*, No. 21-2647 (2d Cir.).

30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Plaintiffs' notice of appeal was filed one day after the district court entered its order dismissing their amended complaint with prejudice, which was an appealable final order. The subsequent formal entry of judgment does not require a new or amended notice of appeal. *See* Fed. R. App. P. 4(a)(2).

Defendants next argue that Plaintiffs lack standing to litigate on behalf of their son. The rule against the representation of minors by non-attorney guardians that Defendants rely on, *see Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990), is not clearly implicated when one of the parents is an attorney, like Christian Killoran, but has not been admitted pro hac vice for the purposes of this appeal. Moreover, the rule in *Cheung* does not appear to be jurisdictional. *See Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 201 (2d Cir. 2002) ("Although we agree that the district court should have ordered plaintiffs [who represented their son pro se] to obtain counsel, we do not find reversible error on these facts.").

## II. Plaintiffs' Class-of-One Equal Protection Claims

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N. Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (internal quotation marks omitted). "Although [we] must accept as true all the factual allegations in the complaint, that requirement is inapplicable to legal conclusions." *Id.* (internal quotation marks omitted).

On appeal, Plaintiffs maintain that Westhampton's initial failure to enroll A.K. and later attempts to place him in an out-of-district public school violated his rights under the Equal Protection Clause because Westhampton singled him out as compared to his similarly situated classmates.

3

Plaintiffs proceed on a class-of-one theory. A class-of-one equal protection claim is one in which "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (internal quotation marks omitted). "We have held that class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). Accordingly, for Plaintiffs to succeed on their class-of-one claim, they must show:

> (i) no rational person could regard the circumstances of [A.K.] to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*Id.*

Plaintiffs identify two groups of comparators—pre-enrollment and post-enrollment students—but fail to adduce sufficient detail to show the requisite high degree of similarity to state a class-of-one equal protection claim. *See Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 60 (2d Cir. 2010). The pre-enrollment group consists of students who graduated from the same elementary school as A.K. and enrolled in Westhampton Beach Middle School.[3] Plaintiffs identify only two similarities between A.K. and the pre-enrollment group: they are the same age and from the same town. As the Plaintiffs acknowledge, however, the students in the pre-enrollment group are not alternately assessed. To satisfy the similarity requirement, Plaintiffs must show that A.K.

---

[3] Plaintiffs identify the pre-enrollment group as "typical" and "non-typical" students who were enrolled in Westhampton Beach Middle School. Plaintiffs appear to define "typical" students as those who do not have disabilities, and non-typical students as those who are alternately assessed. Because the "non-typical" students are included in the post-enrollment group, defined as students who were enrolled in the class for alternately assessed students at Westhampton Beach Middle School, we limit our discussion to "typical" students in the pre-enrollment context.

and the comparators are "*prima facie* identical." *Hu v. City of N.Y.*, 927 F.3d 81, 92 (2d Cir. 2019). Given that Plaintiffs proffer only two similarities and identify an important difference between A.K. and the pre-enrollment group, we find that Plaintiffs have failed to show that A.K. and the pre-enrollment group were sufficiently similar to state a class-of-one equal protection claim. *See Ruston*, 610 F.3d at 60.

As for the post-enrollment students, Plaintiffs define this group as alternately assessed students who were educated in a class together at Westhampton Beach Middle School. Plaintiffs allege that because A.K. and the comparators are alternately assessed and because some of the comparators also have Down syndrome, they are similarly situated. These allegations, however, do not identify specific characteristics that apply to A.K. and the comparators beyond those that could apply to any alternately assessed student. Moreover, there are notable differences between A.K. and this comparator group. A.K. is at least thirty-six months older than the eldest student in the post-enrollment group, and his needs, services, support requirements, and level of academic participation all differ. Given Plaintiffs' reliance on conclusory assertions of similarity and the notable differences between A.K. and the post-enrollment group, we conclude that Plaintiffs have also failed to allege that A.K. and the post-enrollment group were sufficiently similar to state a class-of-one equal protection claim. *See Ruston*, 610 F.3d at 60.

We have considered all of the Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5