19-517-cv
*Vaughn v. Phoenix House New York, et al.*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2019

No. 19-517-cv

MARK VAUGHN,
*Plaintiff-Appellant*,

v.

PHOENIX HOUSE NEW YORK INC., PHOENIX HOUSE,
*Defendants-Appellees*,

TERRANCE WARING, HOUSE MANAGER OF PHOENIX HOUSE LONG
ISLAND CITY CAMPUS, ARTHUR WALLACE, SUBSTANCE ABUSE
COUNSELOR, WILLIAM BROWN, HOUSE PROGRAMS OF NEW YORK,
THOMAS JASPER, CHAIRMAN OF PHOENIX HOUSE PROGRAMS OF NEW
YORK, DENISE BUCKLEY, MANAGING DIRECTOR PHOENIX HOUSE L.I.C.,
HERMAN LAZADA, MANAGING DIRECTOR, PHOENIX HOUSE CAREER
ACADEMY, HOWARD MEITINER,
*Defendants.*

On Appeal from the United States District Court
for the Southern District of New York

SUBMITTED: APRIL 1, 2020
DECIDED: APRIL 22, 2020

---

Before: KEARSE, WALKER, and CABRANES, *Circuit Judges*.

---

Plaintiff-Appellant Mark Vaughn appeals from a February 12, 2019 judgment entered in the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*) dismissing his case against Defendant-Appellee Phoenix House New York Inc. under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

On *de novo* review, we conclude that Vaughn was not an employee of Phoenix House such that he can state a claim under the Fair Labor Standards Act, and that Vaughn's arguments regarding his claim brought under 42 U.S.C. § 1983 are barred by a prior appeal, and thus **AFFIRM** the decision of the District Court.

---

Mark Vaughn, *pro se*, Brooklyn, NY.

Marie D. Howick, Rachel G. Skaistis, and Justin Mungai, Cravath, Swaine & Moore LLP, New York, NY, *for Defendants-Appellees*.

---

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff-Appellant Mark Vaughn ("Vaughn")—proceeding *pro se* on appeal but counseled before the District Court—sued Phoenix House New York and Phoenix House Foundation (jointly, "Phoenix House"), a drug treatment facility, under 42 U.S.C. § 1983, the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging that he was not paid for work he performed while a patient there. The District Court (Ronnie Abrams, *Judge*) dismissed Vaughn's complaint.

In an earlier appeal, we affirmed the dismissal of the Section 1983 claim because it was untimely, but vacated the dismissal of the FLSA and NYLL claims and remanded them to the District Court to consider whether Vaughn stated an FLSA claim in light of *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528 (2d Cir. 2016).[1] On remand, Vaughn was appointed pro bono counsel, who filed a third amended complaint (the "TAC"). The District Court dismissed the TAC, reasoning that Vaughn failed to allege sufficient facts to show that he was an employee within the meaning of the FLSA, and declined to exercise jurisdiction over Vaughn's remaining NYLL claims. Vaughn appeals, again proceeding *pro se*.

---

[1] *See Vaughn v. Phoenix House New York Inc.*, 722 F. App'x 4 (2d Cir. 2018) (summary order). Our summary order also dismissed Vaughn's claims under the federal anti-peonage statute, 42 U.S.C. § 1994.

Because we conclude that Vaughn was not an employee of Phoenix House within the meaning of the FLSA, we **AFFIRM** the February 12, 2019 judgment of the District Court.

## BACKGROUND

### I.   Factual Background

As set out in the TAC, in July 2009 Vaughn entered a program at the Phoenix House, a residential drug and alcohol treatment facility, pursuant to his state-court-approved agreement to participation in a rehabilitation program, in lieu of incarceration for existing criminal charges. Vaughn completed the inpatient phase of the program and then began an outpatient phase. In 2010, he violated a condition of his agreement and was reassigned to an inpatient program at Phoenix House beginning in February 2011. After Vaughn returned to Phoenix House, he attended a 30-day orientation period but then refused to complete work duties the program required of him. Vaughn alleged that the state court judge supervising his case told him that if he was removed from the Phoenix House program due to his non-compliance, he would go to jail.[2] He began performing his work responsibilities at Phoenix House in April 2011, and continued to do so until January 2012.[3]

---

[2] *See* TAC ¶¶ 36-37.

[3] *See id*. at ¶¶ 45-50.

Vaughn alleges that during his stays at Phoenix House, he was required to labor 8 hours a day, 6 days a week.[4] He states that, although he complained about Phoenix House's illegal work without any effect on Phoenix House's conduct.

## II. Procedural History

Vaughn filed suit against Phoenix House on May 12, 2014. After Vaughn amended his complaint, Phoenix House moved to dismiss the complaint for failure to state a claim upon which relief can be granted, which the District Court granted on September 25, 2015, without prejudice to the filing of an amended complaint.[5] Vaughn again amended his complaint, which the District Court again dismissed, this time with prejudice, on August 9, 2016.[6]

Vaughn appealed the dismissal on August 30, and by summary order we affirmed the District Court's judgment with respect to Vaughn's Section 1983 and 1994 claims, but vacated it with respect to Vaughn's FLSA and NYLL claims.[7] In remanding, we directed the District Court to determine whether Vaughn, as an unpaid worker in a rehabilitative program, qualifies as an "employee" under the FLSA

---

[4] *See, e.g., id*. at ¶¶ 32 and 45.

[5] *See See Vaughn v. Phoenix House Programs of New York*, No. 14-cv-3918 (RA), 2015 WL 5671902, at *9 (S.D.N.Y. Sept. 25, 2015).

[6] *See Vaughn v. Phoenix House Programs of New York*, No. 14-cv-3918 (RA), 2016 WL 4223748, at *1 (S.D.N.Y. Aug. 9, 2016).

[7] *Vaughn*, 722 F. App'x at 7. *See* note 1, *ante*.

5

in light of our decision in *Glatt v. Fox Searchlight Pictures, Inc.*[8] We also recommended that he be appointed pro bono counsel.[9]

Vaughn, accordingly represented by counsel, filed a third amended complaint on April 30, 2018 (the "TAC"). Following additional briefing, the District Court granted the motion of Phoenix House to dismiss the TAC on February 12, 2019, concluding that Vaughn's "allegations do not make out a plausible claim that [he] was Phoenix House's employee and thus entitled to wages under the FLSA" because "Vaughn was undoubtedly the primary beneficiary of his treatment at Phoenix House's facilities."[10]

Vaughn timely appealed.

## DISCUSSION

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."[11] The complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[8] *Id*. at 6.

[9] *Id*. at 7.

[10] *Vaughn v. Phoenix House Found., Inc.*, No. 14-cv-3918 (RA), 2019 WL 568012, at *9 (S.D.N.Y. Feb. 12, 2019).

[11] *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

6

face."[12] Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions."[13]

## I. Vaughn's FLSA Claims

The District Court properly applied *Glatt* on remand in holding that Vaughn was not an employee of Phoenix House for the purposes of the FLSA.[14]

In *Glatt*, we addressed the question of whether an unpaid intern qualifies as an employee entitled to compensation under the FLSA,[15] and we extend that analysis to the analogous circumstances presented in this case. Assessing the nature of the relationship between an intern and his employer, we concluded in *Glatt* that "the proper question is whether the intern or the employer is the primary beneficiary of the relationship."[16] The "primary beneficiary test" has "three salient features:" (1) its "focus[ ] on what the intern receives in exchange for his work," (2) its "flexibility to [permit] examin[antion] of the economic reality" of the relationship, and (3) its acknowledgement

---

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Iqbal*, 556 U.S. at 678.

[14] "The FLSA unhelpfully defines 'employee' as an 'individual employed by an employer.'" *Glatt*, 811 F.3d at 534 (quoting 29 U.S.C. § 203(e)(1)).

[15] *See id*. at 535.

[16] *Id*. at 536.

that the intern-employer relationship is subject to unique considerations in light of the intern's expected "educational or vocational benefits that are not necessarily expected with all forms of employment."[17] In performing this analysis, we ask the district courts to evaluate a "non-exhaustive set of considerations," which include:

> 1. The extent to which the intern and the employer clearly understand that there is no expectation of compensation. Any promise of compensation, express or implied, suggests that the intern is an employee—and vice versa.

> 2. The extent to which the internship provides training that would be similar to that which would be given in an educational environment, including the clinical and other hands-on training provided by educational institutions.

> 3. The extent to which the internship is tied to the intern's formal education program by integrated coursework or the receipt of academic credit.

> 4. The extent to which the internship accommodates the intern's academic commitments by corresponding to the academic calendar.

> 5. The extent to which the internship's duration is limited to the period in which the internship provides the intern with beneficial learning.

---

[17] *Id.*

8

6. The extent to which the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern.

7. The extent to which the intern and the employer understand that the internship is conducted without entitlement to a paid job at the conclusion of the internship.[18]

We emphasized that "[n]o one factor is dispositive and every factor need not point in the same direction for the court to conclude that the intern is not an employee entitled to the minimum wage."[19]

In carefully weighing each of these considerations in the context presented by Vaughn's circumstances—in which he is not an intern, but a recipient of in-patient treatment in a court-approved rehabilitation program—the District Court properly assumed that all of Vaughn's allegations were true[20] and correctly determined that Factors One, Five, and Seven weigh "strongly" against finding that Vaughn was an employee of Phoenix House; Factor Six weighs in

---

[18] *Id*. at 536–537.

[19] *Id*. at 537.

[20] *See Vaughn v. Phoenix House Foundation, Inc.*, 2019 WL 568012, at *1 n.1 (S.D.N.Y. Feb. 12, 2019) (noting that the "facts are taken from the TAC and are accepted as true for the purposes of this motion to dismiss"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Vaughn's favor; and Factors Two, Three, and Four provide "mixed guidance."[21] As the District Court rightly noted, however, the importance of Factor Six in the context of this case differs from that of an unpaid intern.[22] And Vaughn received significant benefits from staying at Phoenix House, in large part because he was permitted to receive rehabilitation treatment there in lieu of a jail sentence, and was "provided with food, a place to live, therapy, vocational training, and jobs that kept him busy and off drugs."[23] Inasmuch as we agree with the District Court's careful analysis of the *Glatt* factors in the context of Vaughn's stay at Phoenix House, we cannot conclude that, in these circumstances, Vaughn was an employee of Phoenix House. Accordingly, Vaughn cannot state a claim under the FLSA.

Because the District Court properly dismissed Vaughn's FLSA claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his NYLL claims.[24]

---

[21] *Id*. at *8.

[22] *See id*. ("In contrast to Phoenix House's treatment facilities, which operate for the exclusive purpose of providing drug and alcohol addiction treatment … places of employment that hire interns or vocational trainees most often operate for some purpose other than to provide training to their unpaid interns." (internal citation and quotation marks omitted)).

[23] *Id*.

[24] *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("A district court may decline to exercise supplemental jurisdiction if it has dismissed

## II. Vaughn's Section 1983 Claim

In this appeal, Vaughn also seeks to renew his arguments regarding our prior affirmance of the District Court's dismissal of his Section 1983 claim.[25] Those efforts are barred by the law-of-the-case doctrine, which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise."[26] Compelling reasons include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[27] Previously, we concluded that Vaughn's Section 1983 claim was untimely because the most recent state action alleged by Vaughn—the state court's ordering his compliance with the rehabilitation program—took place in April 2011, which was outside the three-year statute of limitations for Section 1983 claims.[28] The law-of-the-case doctrine therefore applies here.

Vaughn offers no compelling reason to disturb our prior decision. He argues that he remained at Phoenix House after April

---

all claims over which it has original jurisdiction." (internal quotation marks omitted)).

[25] *See Vaughn*, 722 F. App'x at 6.

[26] *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted).

[27] *Id.* at 99–100 (internal quotation marks omitted).

[28] *Vaughn*, 722 F. App'x at 6.

2011 because a state court judge ordered him to do so, or else he would be required to serve his lawfully-imposed state term of imprisonment. But Vaughn cannot show that any state action occurred after April 2011. The fact that Vaughn remained at Phoenix House is insufficient to state a Section 1983 claim because Phoenix House is a private entity that cannot be said to have engaged in state action. To state a Section 1983 claim against a private entity, the plaintiff must show that: (1) "the entity acts pursuant to the coercive power of the state or is controlled by the state"; (2) "the state provides significant encouragement to the entity," and "the entity is [either] a willful participant in joint activity with the state or the entity's functions are entwined with state policies"; or (3) "the entity has been delegated a public function by the state."[29] Vaughn cannot show that Phoenix House engaged in state action under any of these three theories.

A private actor is a willful participant in joint activity with the state under Section 1983 if the two "share some common goal to violate the plaintiff's rights," which Vaughn's does not allege.[30] Although the state judge required Vaughn to stay at Phoenix House after April 2011 and told him that he needed to complete the work requirements, Vaughn had agreed to participate in treatment at Phoenix House in lieu of being incarcerated. Because the program was ultimately voluntary, the fact that the state judge informed Vaughn of the

---

[29] *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (internal quotation marks and alterations omitted).

[30] *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014).

consequences of his decision not to work at Phoenix House does not make Phoenix House a state actor. Further, the fact that Phoenix House may be subject to regulation by the state[31] is not alone sufficient to make it a state actor.[32] And treatment and care of the chemically dependent, like care for the mentally ill and disabled (at issue in *Sybalski*),[33] is not a function traditionally and exclusively reserved to the state.[34] Therefore, the fact that Vaughn remained at Phoenix House after April 2011 does not make his Section 1983 claims timely.

## CONCLUSION

To summarize, we hold as follows:

1.  A recipient of in-patient treatment in a court-ordered drug or alcohol rehabilitation program who performs work for, or on behalf of, the program during the course of treatment, as in the circumstances presented here, is not an employee of the program for the purposes of the FLSA;

---

[31] At paragraphs 65–69 in the TAC, Vaughn alleges that various New York State authorities have investigated Phoenix House for regulatory violations and failure to provide proper care.

[32] *See Sybalski*, 546 F.3d at 258–59.

[33] *See id.* at 259–60 (concluding that the creation and maintenance of asylums and institutional care were not traditionally exclusively public functions).

[34] *See Mele v. Hill Health Center*, 609 F. Supp. 2d 248, 254, 257-58 (D. Conn. 2009) (finding that "a federally funded program that provides transitional housing … and behavioral health services for individuals with substance abuse and mental health problems" was not a state actor).

2.  Vaughn's attempt to relitigate our previous dismissal of his Section 1983 claim fails in light of our prior decision and the law-of-the-case doctrine.

For the foregoing reasons, we **AFFIRM** the February 12, 2019 judgment of the District Court.