22-1097

*Marsalisi v. New York City Dist. Council of Carpenters and Joiners of Am.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-three.

PRESENT:   Amalya L. Kearse,
Rosemary S. Pooler,
Steven J. Menashi,
            *Circuit Judges.*

_____

PETER MARSALISI,

     *Plaintiff-Appellant,*

    v.                                                                   No. 22-1097

NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND JOINERS OF AMERICA,

     *Defendant-Appellee.*[*]

_____

---

[*]  The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant:*  Robert K. Erlanger, Erlanger Law Firm, PLLC, New York, NY.

*For Defendant-Appellee:*  Gillian Costello, James M. Murphy, Spivak Lipton LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Peter Marsalisi appeals the judgment of the United States District Court of the Southern District of New York dismissing his claims under the Labor Management Reporting and Disclosure Act ("LMRDA") and state-law claims against the New York City District Council of Carpenters and Joiners of America (the "District Council"). We presume the parties' familiarity with the facts and procedural history.

**I**

Marsalisi contends that the district court erred by construing the parties' exchange of letters as a motion to dismiss with full briefing. "The long-standing general rule is that a court may not dismiss an action without providing the

2

adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). We have said that "the practice of construing pre-motion letters as the motions themselves" is inappropriate except in limited circumstances and that "parties must be afforded notice that the court is considering dismissal based solely on the arguments presented in pre-motion letters." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54-55 (2d Cir. 2022). "[D]ismissal absent notice and an opportunity to be heard can itself be grounds for reversal," but when the parties have "fully briefed all the questions raised on … appeal" and the issues are "predominantly of a legal nature," the appellate court is "adequately informed to decide them." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001). Citing *McGinty*, we have treated "a district court's failure on this front as a form of harmless error." *Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019).

This court decided *UpCodes* in July 2022, several months after the district court's decision in this case. Accordingly, the district court did not have the benefit of this court's binding guidance on the practice of construing pre-motion letters as fully briefed motions. Because the district court did not give notice to the parties that it was considering dismissal based on the pre-motion letters, it erred. *See*

3

*UpCodes*, 43 F.4th at 54-55. Despite this error, Marsalisi and the District Council have each fully briefed the issues on appeal. And the merits issue—whether the district court erred when it dismissed Marsalisi's LMRDA claims—is a legal issue we review de novo. *See Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 145 (2d Cir. 2020). We are therefore "adequately informed" and conclude that the district court's error was harmless. *McGinty*, 251 F.3d at 90.

A district court does not necessarily err when it construes letters to be full briefs in appropriate circumstances. But we conclude that those circumstances are absent here, so there was error. Because the parties have fully briefed the issues on appeal and those issues are predominantly legal, the error was harmless.

**II**

Marsalisi's amended complaint sought relief under §§ 101(a)(2) and 609 of the LMRDA. The district court concluded that the amended complaint failed to state a claim under either provision because it did not adequately plead loss of union membership rights or a general scheme to suppress dissent. We agree.

Section 101(a)(2) "protects union members from direct interference with union membership rights in retaliation for their expression of opinions concerning union activities." *Maddalone v. Loc. 17, United Bhd. of Carpenters & Joiners of Am.*, 152

4

F.3d 178, 183 (2d Cir. 1998). The Supreme Court has explained that the LMRDA "protect[s] the rights of union *members* from arbitrary action by the union or its officers," but it does not aim to "perpetuat[e] appointed union employees in office." *Finnegan v. Leu*, 456 U.S. 431, 442 (1982); *see also Franza v. Int'l Bhd. of Teamsters, Loc. 671*, 869 F.2d 41, 47 (2d Cir. 1989) (noting that courts have routinely held the LMRDA protects against adverse actions that "directly affect or alter the union member's rights *qua* member."). Accordingly, the Supreme Court concluded that a plaintiff did not state a claim under § 101(a)(2) when he was terminated from his job as a business agent with the union but retained all his union membership rights. *Finnegan*, 456 U.S. at 440-41. Marsalisi's amended complaint alleges that he was terminated as an investigator with the District Council's Office of the Inspector General, which is a position of employment with the union. The amended complaint does not allege any loss of union membership rights; in fact, the complaint states that Marsalisi was a member of the union at the time it was filed. For that reason, Marsalisi's termination from his position as investigator is, without more, not actionable under § 101(a)(2).

Marsalisi seeks to avail himself of an exception to *Finnegan* that this court has recognized: a § 101(a)(2) claim will lie "where the removal of a union officer

5

was part of purposeful and deliberate attempt … to suppress dissent within the union." *Maddalone*, 152 F.3d at 184 (quoting *Schonfeld v. Penza*, 477 F.2d 899, 904 (2d Cir. 1973)). In such a "rare" and "unusual" circumstance, we require "clear and convincing proof" of the union's attempt to suppress dissent. *Cotter v. Owens*, 753 F.2d 223, 229 (2d Cir. 1985); *see Maddalone*, 152 F.3d at 184. Marsalisi points to no factual allegations in his amended complaint that would plausibly suggest a scheme to retaliate against "union members who desire[] to exercise their rights." *Johnson v. Kay*, 860 F.2d 529, 537 (2d Cir. 1988).

The amended complaint makes the conclusory allegation that the District Council's leadership has routinely retaliated against union "dissidents." App'x 26 (¶ 146). But it provides only two examples of retaliation, and neither supports Marsalisi's claim that there was a deliberate scheme to suppress dissent. First, the amended complaint points out that the District Council was the defendant in *Maddalone*, which involved retaliation for exercising speech rights. But the facts at issue in *Maddalone* took place in 1994 and 1995—more than two decades before the facts here. *See Maddalone*, 152 F.3d at 182. And the amended complaint provides no connection between the retaliation in *Maddalone* and the retaliation against Marsalisi. *Maddalone* is not probative of whether there was a scheme to suppress

6

dissent here. Second, the amended complaint points to a related case brought against the District Council by Peter Corrigan, who was terminated from his job as a business agent with the union. The amended complaint says Corrigan was terminated from his position as business agent for "a whole range of issues." App'x 27 (¶ 149). But such general allegations are insufficient to establish a connection to the retaliation against Marsalisi—who was allegedly fired for seeking to root out union corruption—much less that there was a scheme to suppress dissent. For these reasons, Marsalisi has failed to state a § 101(a)(2) claim either under *Finnegan* or *Maddalone*.

Marsalisi's LMRDA § 609 claim fails for similar reasons. Section 609 prohibits a union from "disciplin[ing]" any of its members "for exercising any right to which he is entitled under the provisions of this chapter," including the right to freedom of speech. 29 U.S.C. § 529. Like § 101(a)(2), Congress intended § 609 to protect "rank-and-file union members—not union officers or employees[] as such." *Finnegan*, 456 U.S. at 437. "[D]iscipline" in § 609 therefore refers "only to retaliatory actions that affect a union member's rights or status *as a member* of the union." *Id.* Because Marsalisi's termination as an investigator does not "impinge

upon the incidents of [his] union membership," his termination from that position without more does not support a § 609 claim. *Id.* at 438.

**III**

Marsalisi's amended complaint also seeks relief under § 215 of the New York Labor Law. Given that the district court had dismissed all of Marsalisi's federal claims, the district court did not abuse its discretion by refusing to exercise supplemental jurisdiction over the state-law claim. That dismissal for lack of subject matter jurisdiction was a dismissal without prejudice. *See generally Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice.") (quoting *Donnelly v. CARRP*, 37 F.4th 44, 57 (2d Cir. 2022)); Fed. R. Civ. P. 41(b) (noting that "a dismissal … for lack of jurisdiction" does not "operate[] as an adjudication on the merits"). Accordingly, the district court's dismissal left Marsalisi free to pursue his state-law claim in state court.

*    *    *

We have considered each of Marsalisi's arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court