*Corrigan v. New York City Dist. Council of Carpenters and Joiners of Am.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
                    Rosemary S. Pooler,
                    Steven J. Menashi,
                          *Circuit Judges.*

_____

PETER V. CORRIGAN,

       *Plaintiff-Appellant,*

    v.                                  No. 22-1090

NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND JOINERS OF AMERICA,

       *Defendant-Appellee.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant:*         Robert K. Erlanger, Erlanger Law Firm, PLLC, New York, NY.

*For Defendant-Appellee:*         Gillian Costello, James M. Murphy, Spivak Lipton LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Peter V. Corrigan appeals the judgment of the United States District Court of the Southern District of New York dismissing his claims under the Labor Management Reporting and Disclosure Act ("LMRDA") against the New York City District Council of Carpenters and Joiners of America (the "District Council"). We presume the parties' familiarity with the facts and procedural history.

**I**

Corrigan contends that the district court erred by construing the parties' exchange of letters as a motion to dismiss with full briefing. "The long-standing general rule is that a court may not dismiss an action without providing the

adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). We have said that "the practice of construing pre-motion letters as the motions themselves" is inappropriate except in limited circumstances and that "parties must be afforded notice that the court is considering dismissal based solely on the arguments presented in pre-motion letters." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54-55 (2d Cir. 2022). "[D]ismissal absent notice and an opportunity to be heard can itself be grounds for reversal," but when the parties have "fully briefed all the questions raised on … appeal" and the issues are "predominantly of a legal nature," the appellate court is "adequately informed to decide them." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001). Citing *McGinty*, we have treated "a district court's failure on this front as a form of harmless error." *Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019).

This court decided *UpCodes* in July 2022, several months after the district court's decision in this case. Accordingly, the district court did not have the benefit of this court's binding guidance on the practice of construing pre-motion letters as fully briefed motions. Because the district court did not give notice to the parties that it was considering dismissal based on the pre-motion letters, it erred. *See*

3

*UpCodes*, 43 F.4th at 54-55. Despite this error, Corrigan and the District Council have each fully briefed the issues on appeal. And the merits issue—whether the district court erred when it dismissed Corrigan's LMRDA claims—is a legal issue we review de novo. *See Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 145 (2d Cir. 2020). We are therefore "adequately informed" and conclude that the district court's error was harmless. *McGinty*, 251 F.3d at 90.

A district court does not necessarily err when it construes letters to be full briefs in appropriate circumstances. But we conclude that those circumstances are absent here, so there was error. Because the parties have fully briefed the issues on appeal and those issues are predominantly legal, the error was harmless.

## II

Corrigan's amended complaint sought relief under §§ 101(a)(2) and 609 of the LMRDA. The district court concluded that the amended complaint failed to state a claim under either provision because it did not adequately plead loss of union membership rights or a general scheme to suppress dissent. We agree.

Section 101(a)(2) "protects union members from direct interference with union membership rights in retaliation for their expression of opinions concerning union activities." *Maddalone v. Loc. 17, United Bhd. of Carpenters & Joiners of Am.*, 152

4

F.3d 178, 183 (2d Cir. 1998). The Supreme Court has explained that the LMRDA "protect[s] the rights of union *members* from arbitrary action by the union or its officers," but it does not aim to "perpetuat[e] appointed union employees in office." *Finnegan v. Leu*, 456 U.S. 431, 442 (1982); *see also Franza v. Int'l Bhd. of Teamsters, Loc. 671*, 869 F.2d 41, 47 (2d Cir. 1989) (noting that courts have routinely held the LMRDA protects against adverse actions that "directly affect or alter the union member's rights *qua* member."). Accordingly, the Supreme Court concluded that a plaintiff did not state a claim under § 101(a)(2) when he was terminated from his job as a business agent with the union but retained all his union membership rights. *Finnegan*, 456 U.S. at 440-41. Corrigan's amended complaint alleges that he was terminated as a business agent—the same facts that were presented in *Finnegan*. For that reason, Corrigan's termination from his position as business agent is, without more, not actionable under § 101(a)(2).

Corrigan seeks to avail himself of an exception to *Finnegan* that this court has recognized: a § 101(a)(2) claim will lie "where the removal of a union officer was part of purposeful and deliberate attempt … to suppress dissent within the union." *Maddalone*, 152 F.3d at 184 (quoting *Schonfeld v. Penza*, 477 F.2d 899, 904 (2d Cir. 1973)). In such a "rare" and "unusual" circumstance, we require "clear and

5

convincing proof" of the union's attempt to suppress dissent. *Cotter v. Owens*, 753 F.2d 223, 229 (2d Cir. 1985); *see Maddalone*, 152 F.3d at 184. Corrigan points to no factual allegations in his amended complaint that would plausibly suggest a scheme to retaliate against "union members who desire[] to exercise their rights." *Johnson v. Kay*, 860 F.2d 529, 537 (2d Cir. 1988).

The amended complaint makes the conclusory allegation that the District Council's leadership has for several decades retaliated against members who didn't "fall in line." App'x 40 (¶ 223). But it provides only two examples of retaliation, and neither supports Corrigan's claim that there was a deliberate scheme to suppress dissent. First, the amended complaint points out that the District Council was the defendant in *Maddalone*, which involved retaliation for exercising speech rights. But the facts at issue in *Maddalone* took place in 1994 and 1995—more than two decades before the facts here. *See Maddalone*, 152 F.3d at 182. And the amended complaint provides no connection between the retaliation in *Maddalone* and the retaliation against Corrigan. *Maddalone* is not probative of whether there was a scheme to suppress dissent here. Second, the amended complaint points to a related case brought against the District Council by Peter Marsalisi, who was terminated from his job with the District Council's Office of

6

the Inspector General. Marsalisi was allegedly terminated for "looking into matters that threatened [union leaders] and [their] cronies." App'x 41 (¶ 225). In contrast, Corrigan was allegedly terminated from his position as business agent for opposing a proposal to lower wages. The amended complaint fails to show how the example of Marsalisi—which involves an entirely different basis for retaliation—supports the allegation that there was a scheme to suppress dissent. For these reasons, Corrigan has failed to state a § 101(a)(2) claim either under *Finnegan* or *Maddalone*.

Corrigan's LMRDA § 609 claim fails for similar reasons. Section 609 prohibits a union from "disciplin[ing]" any of its members "for exercising any right to which he is entitled under the provisions of this chapter," including the right to freedom of speech. 29 U.S.C. § 529. Like § 101(a)(2), Congress intended § 609 to protect "rank-and-file union members—not union officers or employees[] as such." *Finnegan*, 456 U.S. at 437. "[D]iscipline" in § 609 therefore refers "only to retaliatory actions that affect a union member's rights or status *as a member* of the union." *Id.* Because Corrigan's termination as a business agent does not "impinge upon the incidents of [his] union membership," his termination from that position without more does not support a § 609 claim. *Id.* at 438.

7

\*   \*   \*

We have considered each of Corrigan's arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court