23-873-cv
*Scales v. Hotel Trades Council of New York Local 6*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-five.

PRESENT:
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

---

**William Scales**

> *Plaintiff-Appellant,*

> v.                                                              **No. 23-873-cv**

**Hotel Trades Council of New York Local 6**

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT: LYDIA L. HALPERN (Steven W. Perlstein, *on the brief*), Kobre & Kim LLP, New York, NY.

FOR DEFENDANT-APPELLEE: BARRY N. SALTZMAN (Annalise Leonelli, *on the brief*), Pitta LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant William Scales appeals from an April 3, 2023 judgment (Cronan, *J.*) dismissing his complaint against his union, the Hotel Trades Council of New York Local 6 (the "Union"), for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Scales, who proceeded pro se below, sued the Union alleging a "breach of contract" related to the placement of his 401(k) contributions into the Union's

pension plan.[1]  Joint App'x at 208.  When Hotel Trades Council of New York took over as the new union to represent Ace Hotel New York (the "Hotel") employees in 2012, it signed a Memorandum of Agreement with the Hotel, which entitles "[c]urrent [e]mployees" to elect, "at [their] sole discretion, within thirty (30) days of the date on which the Industry Pension plan gives a presentation, to either participate in the Hotel's [401(k) retirement] plan or be covered by the Industry Pension Plan."  Joint App'x at 155.[2]  Any employee who does not communicate their choice within that thirty-day window is placed into the Industry Pension Plan by default.  Scales was not informed of this thirty-day period, which lapsed while he was on layoff.

When Scales returned to work, the Hotel gave him a form to select his preferred plan, and he chose the employer plan.  "Around 2018," however, he learned that his retirement plan was "defaulted into" the Industry Pension Plan while he was laid off.  Joint App'x at 213.  After filling out a complaint form,

---

[1] Except where noted otherwise, these facts are drawn from Scales' second amended complaint and accepted as true.  *See Vaughn v. Phx. House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020).

[2] Because the Memorandum of Agreement is referenced in the second amended complaint and forms the basis of the claims in that complaint, the district court considered it in resolving the Union's motion to dismiss.  We do so as well.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (explaining that "even if not attached or incorporated by reference, a document upon which [the complaint] *solely* relies and which is *integral to the complaint* may be considered by the court in ruling on [a motion to dismiss]" (quotation marks omitted)).

3

Scales waited "weeks upon weeks" before being informed that the Union could not assist him.   *Id.* at 214.   The Union explained that it could not help because the Hotel plan predated its representation, and did not attempt to investigate or arbitrate the matter on Scales' behalf.   As a result, Scales was unable to access his 401(k) funds "because the [Union] pension is fixed and [he] cannot withdraw money from it."   *Id.* at 215.

During the district court litigation, the Union proceeded to arbitration against the Hotel regarding Scales' underlying claims, and the case was stayed. After the arbitration was decided against the Union and Scales, the district court lifted the stay and subsequently granted the Union's motion to dismiss for failure to state a claim.

On appeal, Scales argues that (1) the district court erred in finding that he failed to state a claim upon which relief can be granted, and (2) that the district court abused its discretion in failing to appoint him pro bono counsel.

## I.    Discussion

### A. Failure to State a Claim

Scales contends that the district court erred in dismissing his complaint for two reasons.   First, he argues that his complaint, together with several letters he

4

filed below, plausibly allege a "hybrid claim" for breach of a collective bargaining agreement against the Hotel and breach of the duty of fair representation against the Union. Second, he asserts that the facts alleged in his filings raise two additional claims that the district court failed to consider: a claim for breach of the collective bargaining agreement against the Union and a claim for conversion. We reject each of these challenges.

We review the dismissal of a complaint for failure to state a claim *de novo*, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Vaughn v. Phx. House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quotation marks omitted). "The complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "*Pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). We "may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party." *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998).

Taking Scales' arguments in turn, we first agree with the district court that

Scales fails to plausibly allege a breach of the duty of fair representation. To establish a "hybrid claim" under the Labor Management Relations Act (LMRA) and the National Labor Relations Act (NLRA), "a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 178 (2d Cir. 2001).[3] "[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 179 (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)). The union's wrongful conduct must, in turn, cause the plaintiff's injuries. *See id.* "Our review of such allegations is 'highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities.'" *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (quoting *Air Line Pilots Ass'n, Int'l. v. O'Neill*, 499 U.S. 65, 78 (1991)).

The district court found that Scales had "failed to allege arbitrary, discriminatory, or bad faith conduct." Joint App'x at 295. In refuting this

---

[3] "Section 301 of the LMRA governs the employer's duty to honor the collective bargaining agreement, and the duty of fair representation is implied from § 9(a) of the [NLRA]." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 179 n.3 (2d Cir. 2001).

6

conclusion, Scales argues that the court failed to consider certain filings that plausibly allege that the Union engaged in arbitrary and bad faith conduct by having the firm who represented his interests in the arbitration proceeding simultaneously oppose him in this litigation.[4] But such representation is not alone sufficient to show that the Union's behavior was, "in light of the factual and legal landscape at the time of [its] actions, . . . so far outside a wide range of reasonableness as to be irrational," as is required for arbitrariness. *Vaughn*, 604 F.3d at 709 (quoting *O'Neill*, 499 U.S. at 67). Nor does it give rise to an inference that the Union acted, as is required for bad faith, "with an improper intent, purpose, or motive." *Id.* at 710 (quotation marks omitted). Indeed, Scales' allegations of sabotage are at best conclusory, which is insufficient to survive a motion to dismiss. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). Accordingly, we conclude that Scales failed to state a hybrid claim under the LMRA and NLRA.

In addition, neither of Scales' alternate theories state a claim. As to Scales'

---

[4] In making this argument, Scales relies, in part, on documents that are not part of the record on appeal. Seeing as we denied his motion to supplement the record, we do not consider these materials in reaching our decision. *See Amara v. Cigna Corp.*, 53 F.4th 241, 257 n.8 (2d Cir. 2022) ("Ordinarily, material not included in the record on appeal will not be considered." (quotation marks omitted)); *see also* Fed. R. App. P. 10(a)(1) (limiting the record on appeal to the papers and exhibits filed in the district court).

breach of contract claim, while a Union may assume contractual duties above and beyond the duty of fair representation implied by the NLRA, if an employee claims that a union owes him such a duty, "he must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 374 (1990). Scales cites to no language in the Memorandum of Agreement that obligates the Union to notify employees on layoff of the retirement plan election period. Thus, he cannot enforce the bargaining agreement against the Union.

Further, under New York law, a conversion claim "cannot be predicated on a mere breach of contract." *Rynasko v. New York Univ.*, 63 F.4th 186, 196 (2d Cir. 2023) (quotation marks omitted). Since Scales' conversion claim is "based on the same facts as the cause of action to recover damages for breach of contract," it "fail[s] to allege [a] distinct, cognizable [tort] cause[] of action." *Edem v. Grandbelle Int'l, Inc.*, 118 A.D.3d 848, 849 (2d Dep't 2014); *compare, e.g., Key Bank of N.Y. v. Grossi*, 227 A.D.2d 841, 843–44 (3d Dep't 1996) (holding that a plaintiff plausibly pled a conversion claim where it alleged that the defendant, who was supposed to sell assets on behalf of the plaintiff, not only failed to "treat the

8

proceeds in a particular matter," per their agreement, but also used the proceeds to pay the defendant's creditors and other customers).

Therefore, we conclude that Scales failed to state a claim upon which relief can be granted.

## B. Appointment of Pro Bono Counsel

Scales next argues that the district court abused its discretion in failing to appoint him pro bono counsel. We disagree.

We review the denial of a motion for appointment of counsel for abuse of discretion. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). "A district court abuses its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act Litig.,* 772 F.3d 125, 132 (2d Cir. 2014) (cleaned up).

Section 1915(e)(1) authorizes district courts to appoint counsel for litigants unable to afford counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (citing 28 U.S.C. § 1915(e)(1)). In deciding whether to appoint counsel, courts must first "determine whether the indigent's position seems likely to be of

9

substance." *Hodge*, 802 F.2d at 61. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61–62.

Here, the district court denied Scales pro bono counsel on five occasions. In denying these requests, the court identified and applied the correct legal standard, concluding that the plaintiff's claim failed to meet the threshold requirement of showing "likely merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989). *Hodge* and its progeny did not require more. This case is thus unlike *Jenkins v. Chemical Bank*, in which the court gave no indication that "it had given any thought to [the plaintiff's] applications for an attorney." 721 F.2d 876, 880 (2d Cir. 1983). Further, since the district court determined Scales' claim lacked merit, it had no obligation to consider the remaining *Hodge* factors. *See* 802 F.2d at 61.

Against this backdrop, we perceive no abuse of discretion in the court's

10

denial of Scales' requests for the appointment of pro bono counsel.

*   *   *

We have considered Scales' remaining arguments and conclude they are without merit.   Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11