25-100-cv
Heath v. EcoHealth All.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE "NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

SUSAN I. HEATH, PROPOSED
REPRESENTATIVE OF THE
ESTATE OF HENRY A. HURST, III,
DECEASED,

*Plaintiff-Appellant*,

v.                                                                                  No. 25-100-cv

ECOHEALTH ALLIANCE,

*Defendant-Appellee*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                                  PATRICIA FINN, Patricia Finn
                                                Attorney, P.C., Pearl River,
                                                NY

FOR APPELLEE:                                   JUAN OLIVO-CASTRO
                                                (Andrew N. Krinsky, Nels
                                                T. Lippert, Michael J.
                                                Grudberg, Jessica Russo, *on
                                                the brief*), Tarter Krinsky &
                                                Drogin LLP, New York, NY

FOR AMICI CURIAE LEGAL                          William B. Adams, Quinn
ADVOCATES FOR SAFE SCIENCE AND                  Emanuel Urquhart &
TECHNOLOGY, INC., DR. MARC                      Sullivan, LLP, New York,
LIPSITCH, AND DR. FILIPPA LENTZOS:              NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Susan Heath appeals from a December 19, 2024 judgment of the United States District Court for the Southern District of New York (Rochon, *J.*) dismissing her complaint against Defendant EcoHealth Alliance ("EcoHealth"), a nonprofit scientific organization. Heath brought negligence and strict liability claims under New York law against EcoHealth, alleging that EcoHealth bears responsibility for the creation and leak of the virus that causes COVID-19 and that led to her husband's tragic death from COVID-19 in 2021. We assume the

2

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(6). In reviewing a dismissal under Rule 12(b)(6), we consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

### I.     Negligence

To state a claim for negligence under New York law, a plaintiff's allegations must establish "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016) (quotation marks omitted). It is well established that "without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable

3

the harm." *Landon v. Kroll Lab'y Specialists, Inc.*, 22 N.Y.3d 1, 6 (2013) (cleaned up). "A duty may arise, however, where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 233 (2001). "The key . . . is that the defendant's relationship with either the tortfeasor or the plaintiff places the defendant in the best position to protect against the risk of harm." *Id.*

Heath contends that EcoHealth owed a duty to her late husband because it "actively created the risk by engineering [gain-of-function]-enhanced viruses and targeted [Heath's husband] for its research." Appellant's Br. 38. The allegations in her complaint fail to support this claim. To support her negligence claim, Heath alleges that EcoHealth "fund[ed] monies to the Wuhan Institute [o]f Virology [the "Wuhan Institute"]," App'x 6 ¶ 18, over which EcoHealth "had no supervision nor control," App'x 5 ¶ 15. The Wuhan Institute in turn allegedly "created a deadly coronavirus that leaked from its laboratory and spread worldwide," killing Heath's husband. App'x 6 ¶ 18. These allegations negate any plausible inference that EcoHealth had "actual control" of the Wuhan

4

Institute's actions such that EcoHealth was "in the best position to protect against the risk of harm" to Heath's husband. *Hamilton*, 96 N.Y.2d at 233. Because the complaint does not allege any other relationship between EcoHealth and Heath or her husband, we conclude that Heath failed to demonstrate that EcoHealth had any "duty running directly to the injured person," dooming her negligence claim. *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 N.Y.2d 280, 289 (2001).

Urging a contrary conclusion, Heath argues that "EcoHealth's direct engagement in pathogen enhancement inherently created a foreseeable risk of viral escape and harm, establishing a duty under New York law." Appellant's Br. 38. But even assuming that harm to Heath was a foreseeable result of EcoHealth's conduct, which is itself doubtful, "[f]oreseeability, alone, does not define duty — it merely determines the scope of the duty once it is determined to exist." *Hamilton*, 96 N.Y.2d at 232; *see also Moore Charitable Found. v. PJT Partners, Inc.*, 40 N.Y.3d 150, 161 (2023) (observing that the duty requirement "is necessary to avoid exposing defendants to unlimited liability to an indeterminate class of persons conceivably injured by any negligence in a defendant's act, even if some of those persons' injuries might be characterized as foreseeable" (quotation

5

marks omitted)).  Because the allegations in the complaint do not plausibly support any duty owed by EcoHealth to Heath's husband, the District Court correctly dismissed Heath's negligence claim.

## II.    Strict Liability

Heath's claim that EcoHealth is strictly liable for her husband's death fares no better.  The complaint alleges that EcoHealth, "in funding monies [to] the Wuhan Institute . . . to conduct research into coronaviruses, engaged in an abnormally dangerous activity" that rendered it strictly liable for any injuries flowing from that conduct.  App'x 7 ¶ 25.  But the only activity EcoHealth is plausibly alleged to have engaged in is generally funding coronavirus research.  Indeed, as the District Court properly found, the complaint does not even allege that EcoHealth's "funding was directed to the [Wuhan Institute]'s gain-of-function research," App'x 176, the very research Heath contends on appeal constituted an "abnormally dangerous activity," Appellant's Br. 5.  Moreover, Heath's negligence claim, which is premised on EcoHealth's lack of oversight, implicitly acknowledges that the risk of the coronavirus research at issue could be mitigated with the exercise of reasonable care.  "In light of the common usage and value to the community" of biomedical research, "as well as the ability to

6

eliminate the risk with the exercise of reasonable care," the District Court correctly dismissed Heath's strict liability claim under New York law.[1] *See Vacation Vill. Homeowners Ass'n, Inc. v. Town of Fallsburg*, 225 N.Y.S.3d 398, 405 (3d Dep't 2024); *see also Doundoulakis v. Town of Hempstead*, 42 N.Y.2d 440, 448 (1977).

## CONCLUSION

We have considered Heath's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we affirm the District Court's dismissal of all of Heath's claims for failure to state a claim, we also affirm the District Court's denial of leave to amend because the proposed amendment would be futile. *See Rukoro v. Federal Republic of Germany*, 976 F.3d 218, 227–28 (2d Cir. 2020).

[2] Heath filed a motion seeking summary reversal or, in the alternative, certification of a question to the New York Court of Appeals. Dkt. No. 20; *see also* Dkt. Nos. 23, 24. That motion was referred to the merits panel, Dkt. No. 25, and is denied.